# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### CIVIL DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF CEMENT MASONS' LOCAL 526 COMBINED FUNDS, INC., | ) ) ) | CIVIL ACTION No.: |
| | ) | **COMPLAINT** |
| Plaintiff, | ) ) | |
| R & B CONTRACTING & EXCAVATION, INC.,  WILLIAM RODGERS, individually and jointly and severally, RICHARD ROSCOE, individually and jointly and severally, DANIEL AMATO, individually and jointly and severally, and DOES 1-50, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Filed on Behalf of Trustees of Cement Masons' Local 526 Combined Funds, Inc.

Counsel of Record for this Party:

Stephen J. O'Brien Esq.
PA ID # 59204

Andrew L. Ciganek, Esq.
PA ID # 323710

Stephen J. O'Brien & Associates
650 Ridge Road, Suite 400
Pittsburgh, PA 15205
(412) 788-7560

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## CIVIL DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF CEMENT MASONS' LOCAL 526 COMBINED FUNDS, INC., | ) ) ) | CIVIL ACTION No.: |
| | ) | **COMPLAINT** |
| Plaintiff, | ) ) | |
| R & B CONTRACTING & EXCAVATION, INC.,  WILLIAM RODGERS, individually and jointly and severally, RICHARD ROSCOE, individually and jointly and severally, DANIEL AMATO, individually and jointly and severally, and DOES 1-50, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

AND NOW COMES the Plaintiff, Board of Trustees of the Cement Masons' Local 526 Combined Funds, Inc., by and through its attorneys Stephen J. O'Brien, Esquire, Andrew L. Ciganek, Esquire, and the law firm of Stephen J. O'Brien & Associates, file this Complaint pursuant to the Labor-Management Relations Act, 29 U.S.C. § 185, and 29 U.S.C. § 1132 of the Employee Retirement Income Security Act (hereinafter "ERISA"), averring the following:

## PARTIES AND JURISDICTION

1.     Plaintiff, the Board of Trustees of the Cement Masons' Local 526 Combined Funds, Inc. (the "Trustees").

2.     The Cement Masons' Local 526 Combined Funds, Inc. (the "Funds") are employee benefit plans within the meaning of ERISA 29 U.S.C. § 1002 (1) (2) (3) (21), § 1009 (c) (1) (b) and § 1132, and bring this action on behalf of the Boards of Trustees, participants and

beneficiaries.

3.      The Trustees conduct the business of the aforesaid Funds at the A.J. Furlan Building, 2606 California Avenue, Pittsburgh, PA 15212.

4.      Defendant R & B Contracting & Excavation, Inc. is or was engaged in the business of operating a construction company, with its principal office and address at 407 West Eighth Ave., West Homestead, PA 15120.

5.      Plaintiff is informed and believes and thereon alleges at all times herein mentioned, Defendant William Rodgers is a citizen of the State of Pennsylvania.

6.      Plaintiff is informed and believes and thereon alleges at all times herein mentioned, Defendant Richard Roscoe is a citizen of the State of Pennsylvania.

7.      Plaintiff is informed and believes and thereon alleges at all times herein mentioned, Defendant Daniel Amato is a citizen of the State of Pennsylvania.

8.      The true names and identities of Defendants Does 1 through 50, whether individuals, corporations, associations or otherwise are unknown to Plaintiff, who therefore sues Defendants by fictitious names.  Plaintiff is informed, believes, and alleges that each of the Defendants designated Does are legally responsible for the events and happenings herein referred to, and thereby proximately caused the damages hereinafter alleged.

9.      Plaintiff are informed, believe, and allege that at all times mentioned, each Defendant was the agent, servant, or employee of the other Defendants and in acting as alleged herein did so within the course and scope of the agency or employment and with the permission and consent of each of the other Defendants.

10.     Jurisdiction is conferred on this Court by the Labor-Management Relations Act, 29 U.S.C. § 185, and also by ERISA 29 USA § 1132, in that the Plaintiff is aggrieved by the

2

Defendant's violation of the Collective Bargaining Agreement with Operative Plasterers and Cement Masons' International Association of the United States and Canada, Local No. 526.

11.     Venue is appropriate in the United States District Court, Western District of Pennsylvania under 29 U.S.C. §1132(e)(2), because the Plan is administered from 2606 California Avenue, Pittsburgh, PA 15212 located in Allegheny County, Pennsylvania.

## FACTS

12.     Defendant R & B Contracting & Excavation, Inc. is a signatory to an Agreement with the Cement Masons' Union Local No. 526 of the Operative Plasterer's and Cement Masons' International Association ("Collective Bargaining Agreement").   This Collective Bargaining Agreement is dated April 24, 2014.  (Exhibit 1, Collective Bargaining Agreement.)

13.     Under the terms of the Collective Bargaining Agreement, Defendant R & B Contracting & Excavation, Inc. is required to pay into the Funds certain sums of money for the Defendant's employees who perform classified work, with payments to be made by the 30th day of each month, covering the amounts due for the preceding month's operations, and to furnish a monthly report showing the hours worked.  (Exhibit 1, Collective Bargaining Agreement, pp. 8-9.)

14.     Plaintiff alleges that Defendant R & B Contracting & Excavation, Inc. has failed to make payment of amounts due the Funds for classified work performed by the Defendant's employees during the work months of June, July, August, and September 2017.

15.     Based upon contribution reports submitted by Defendant R & B Contracting & Excavation, Inc. and/or an informal audit of Defendant's records, and/or pay stubs or Steward Reports by the Funds' auditors, Plaintiff alleges that during the work months of June, July, August, and September 2017, there became due and owing the sum of $34,193.34 for fringe

benefits, dues, and payroll.

16.     On August 17, 2017, Plaintiff terminated union workers from jobs, work, and contracts carried out and/or administered by R & B Contacting & Excavation, Inc.

17.     It is believed and alleged that R & B Contacting & Excavation, Inc. hired non-union labor for the time period after August 2017.  Under the terms of the Collective Bargaining Agreement, R & B Contracting & Excavation, Inc. must pay fringes to Plaintiff for these non-union workers.  (Exhibit 1, Collective Bargaining Agreement, p. 8.)

18.     It is believed and alleged that prior to June 2017, R & B Contracting & Excavation, Inc. hired non-workers, and therefore, owes additional fridges to Plaintiffs.  (Exhibit 1, Collective Bargaining Agreement, p. 8.)

19.     The amount due by R & B Contracting & Excavation, Inc. to Plaintiff for said non-union labor from time period post-August 2017 and pre-June 2017 is currently unknown to Plaintiff, and Plaintiff will amend this Complaint when the amount of the damages is ascertained.

**Count I**
**ERISA Collection Action**
**(Defendant R & B Contracting & Excavation, Inc. and Does 1-25)**

20.     Paragraphs 1 through 19 of this complaint are re-alleged as through fully set forth herein.

21.     Defendant R & B Contracting & Excavation, Inc. and Does 1-25 under the terms of the Collective Bargaining Agreement were required to do the following:

a.   To submit for each month a report stating the names, social security numbers, and number of hours worked, in such month by each and every person on whose behalf contributions are required to be made by defendant to plaintiffs, or if no such persons are employed, to submit a report so stating;

4

b.  To accompany the above reports with payment of contributions based upon an hourly rate as stated in the Collective Bargaining Agreement;

c.  To pay any and all costs incurred by plaintiffs in auditing Defendant's payroll records should it be determined that defendant was delinquent in the reporting or submission of all contributions required to be made by it to Plaintiff;

d.  To pay Plaintiff's reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require defendant to submit its payroll books and records for audit or to recover delinquent contributions.

22.     Defendants R & B Contracting & Excavation, Inc. and Does 1-25 are delinquent and have breached their obligations to Plaintiff.  Defendant R & B Contracting & Excavation, Inc. and Does 1-25 have failed and refused to submit all of its monthly contribution reports to Plaintiff and/or have failed to make payment of all contributions acknowledged by Defendants to be due to Plaintiff.

23.     Plaintiff further alleges that Defendant R & B Contracting & Excavation, Inc.'s and Does 1-25's failure to submit payment when due has caused the Plaintiff to suffer indeterminate loss of investment income and additional administrative expenses.

24.     Plaintiff further alleges that the amount due and owing continues to increase monthly due to loss of investment income and interest charges.

25.     Plaintiff is without an adequate remedy at law, and the Funds will suffer immediate, continuing and irreparable injury, loss and damage unless the Defendant is ordered to specifically perform in accordance with the 29 U.S.C. §§ 1001-1381, and the Collective Bargaining Agreement, and is restrained from continuing to refuse to perform as required.

26.     Plaintiff seeks reimbursement of legal expenses, for enforcement of the

5

employee benefits sections of the Collective Bargaining Agreement as provided by the Contract and ERISA, attorneys' fees in the amount of $8,030.00, plus costs and ongoing attorneys' fees.

WHEREFORE, Plaintiff demands the following relief:

a. A money judgment in favor of Plaintiff and against Defendants, in the amount of $34,193.34, plus attorneys' fee of $8,030.00 and costs;

b. Pay the amount of fringe benefits owed by Defendants for non-union labor from the time period from post-August 2017 and pre-June 2017 when said amount is ascertained by Plaintiff;

c. Administration and Audit costs and other costs and disbursements in this action;

d. That an account be taken as to all employees of R & B Contracting & Excavation, Inc. as covered by the Collective Bargaining Agreement, as to wages received and hours worked by these employees to determine amounts required to be paid to the Board of Trustees of Cement Masons' Local 526 Combined Funds, Inc. covering the periods for which the agreement is effective;

e. That Defendant submit to Plaintiff the names, social security numbers, and number of hours worked, in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiff, or if no such persons are employed, to submit a report so stating;

f. Interest on the above mentioned amount calculated pursuant to the provisions of the Collective Bargaining Agreement, from the date it became due and owing;

g. Attorneys' fees for further litigation preparation;

h. Interest on the above amount from the date it became due and owing;

i. For payment in full of any additional amounts that may become due while these

proceedings are pending;

    j.   That the Court retain jurisdiction of this case pending compliance with its orders;

    k.   For such other and further relief as the Court may deem just.

**Count II**
**ERISA Breach of Fiduciary Duty to Action**
**(Defendants William Rodgers, Richard Roscoe, Daniel Amato, and Does 26-50)**

27.    Paragraphs 1 through 26 of this complaint are re-alleged as through fully set forth herein.

28.    At all times material hereto, individual Defendants William Rodgers, Richard Roscoe, Daniel Amato, and Does 26-50 were company executives, principle officers, and/or decision makers of R & B Contracting & Excavation, Inc.

29.    Defendants were responsible for collection of monies payable to Defendant R & B Contracting & Excavation, Inc. resulting from the labor performed by members of Cement Masons' Local 526 covered under the Collective Bargaining Agreement.

30.    Defendants were responsible for submitting monthly Remittance Reports and fringe benefit contributions payable to Plaintiff.

31.    As the owners, principal officers, and/or decision makers of R & B Contracting & Excavation, Inc., Defendants had the authority to make decisions as to what obligations and/or payments of R & B Contracting & Excavation, Inc., were to be paid and which ones were not to be paid, including the authority to make payments for their own personal benefit.

32.    At the time that the fringe benefit contributions became due and payable by R & B Contracting & Excavation, Inc. to the Cement Masons' Local 526 Combined Funds, Inc., such monies became assets of the Funds.

33.    Based upon the foregoing, Defendants William Rodgers, Richard Roscoe,

7

Daniel Amato, and Does 26-50 constitute "fiduciaries" under ERISA.

34. Defendants William Rodgers, Richard Roscoe, Daniel Amato, and Does 26-50 breached their fiduciary duty to the Cement Masons' Local 526 Combined Funds, Inc. by failing to pay to the Plaintiff such contributions once they became due and payable and are therefore, liable for all fringe benefits and associated interest, contractual damages, attorneys' fees and legal costs owed by R & B Contracting & Excavation, Inc. to Plaintiff

35. Plaintiff has demanded payment of all such amounts due, but such individual Defendants have neglected and continue to neglect to pay such amounts.

WHEREFORE, Plaintiff demands the following relief:

a. A money judgment in favor of Plaintiff and against Defendants William Rodgers, Richard Roscoe, Daniel Amato, and Does 26-50 in the amount of $34,193.34, plus attorneys' fee of $8,030.00 and costs;

b. Pay the amount of fringe benefits owed by Defendants for non-union labor from the time period from post-August 2017 and pre-June 2017 when said amount is ascertained by Plaintiff;

c. Administration and Audit costs and other costs and disbursements in this action;

d. That an account be taken as to all employees of R & B Contracting & Excavation, Inc. as covered by the Collective Bargaining Agreement, as to wages received and hours worked by these employees to determine amounts required to be paid to the Board of Trustees of Cement Masons' Local 526 Combined Funds, Inc. covering the periods for which the agreement is effective;

e. That Defendants submit to Plaintiff the names, social security numbers, and number of hours worked, in such month by each and every person on whose behalf contributions

8

are required to be made by Defendants to Plaintiff, or if no such persons are employed, to submit

a report so stating;

       f.   Interest on the above mentioned amount calculated pursuant to the provisions of

the Collective Bargaining Agreement, from the date it became due and owing;

       g.  Attorneys' fees for further litigation preparation;

       h.  Interest on the above amount from the date it became due and owing;

       i    For payment in full of any additional amounts that may become due while these

proceedings are pending;

       j.   That the Court retain jurisdiction of this case pending compliance with its orders;

       k.  For such other and further relief as the Court may deem just.

**Count III**
**State Common Law Conversion Action**
**(Defendants William Rodgers, Richard Roscoe, Daniel Amato, and Does 26-50)**

     36.    The averments contained in paragraphs 1 through 35 of the Complaint are hereby

incorporated by reference herein.  The Court has supplemental jurisdiction of the claim set forth

in the Count pursuant to 28 U.S.C. § 1367.

     37.    Pursuant to the Collective Bargaining Agreement, R & B Contracting &

Excavation, Inc. withheld monies from its employees' wages for union dues and other

deductions that were required to be remitted to the Plaintiff.

     38.    In violation of such Agreement, R & B Contracting & Excavation, Inc. failed to

remit such deductions for union dues and other deductions to Plaintiff.

     39.    At all times relevant to this action, Defendants William Rodgers, Richard Roscoe,

Daniel Amato, and Does 26-50 had the authority and the responsibility to remit such employee

wage withholdings to the Plaintiff.

9

40.     Defendants William Rodgers, Richard Roscoe, Daniel Amato, and Does 26-50 exercised dominion and control over the employee wage withholdings, and authorized and/or permitted such monies to be used to pay other obligations of R & B Contracting & Excavation, Inc. and/or the personal debts of the individual Defendants.

41.     Based on the foregoing, Defendants William Rodgers, Richard Roscoe, Daniel Amato, and Does 26-50 intentionally converted such monies that were rightfully due and payable to the Plaintiff.

42.     Plaintiff is also entitled to receive from Defendants William Rodgers, Richard Roscoe, Daniel Amato, and Does 26-50 interest on all monies due since initial delinquency, and late payment fees, plus additional interest thereafter.

WHEREFORE, Plaintiff demands the following relief:

a.    A money judgment in favor of Plaintiff and against Defendants William Rodgers, Richard Roscoe, Daniel Amato, and Does 26-50 in the amount of $34,193.34, plus attorneys' fee of $8,030.00 and costs;

b.    Pay the amount of fringe benefits owed by Defendants for non-union labor from the time period from post-August 2017 and pre-June 2017 when said amount is ascertained by Plaintiff;

c.    Administration and Audit costs and other costs and disbursements in this action;

d.    That an account be taken as to all employees of R & B Contracting & Excavation, Inc. as covered by the Collective Bargaining Agreement, as to wages received and hours worked by these employees to determine amounts required to be paid to the Board of Trustees of Cement Masons' Local 526 Combined Funds, Inc. covering the periods for which the agreement is effective;

   e. That Defendants submit to Plaintiff the names, social security numbers, and number of hours worked, in such month by each and every person on whose behalf contributions are required to be made by Defendants to Plaintiff, or if no such persons are employed, to submit a report so stating;

   f. Interest on the above mentioned amount calculated pursuant to the provisions of the Collective Bargaining Agreement, from the date it became due and owing;

   g. Attorneys' fees for further litigation preparation;

   h. Interest on the above amount from the date it became due and owing;

   i. For payment in full of any additional amounts that may become due while these proceedings are pending;

   j. That the Court retain jurisdiction of this case pending compliance with its orders;

   k. For such other and further relief as the Court may deem just.


DATED: November 2, 2017

                Stephen J. O'Brien & Associates

                By */s/ Andrew L. Ciganek*
                   Stephen J. O'Brien, Esq.
                   Andrew L. Ciganek, Esq.
                   Attorney for Plaintiff
                   650 Ridge Road, Suite 400
                   Pittsburgh, PA 15205
                   (412) 788-7560
                   (412) 788-7563 (fax)