IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BOARD OF TRUSTEES OF CEMENT MASONS' )
LOCAL 526 COMBINED FUNDS, INC. )
      Plaintiff, )
)
vs )   Civil Action No. 17-1432
)
R & B CONTRACTING & EXCAVATION, INC., )   Magistrate Judge Dodge
et al., )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

### Introduction

Plaintiff, Board of Trustees of Cement Masons' Local 526 Combined Funds, Inc. (the "Trustees") brought this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1100-1145 (ERISA), against Defendants, R & B Contracting & Excavation, Inc. ("R & B"), William Rogers ("Rogers"), Richard Roscoe ("Roscoe") and Daniel Amato ("Amato"). The Trustees seek certain sums of money owed by R & B to the Cement Masons' Local 526 Combined Funds (the "Funds") pursuant to a collective bargaining agreement ("CBA") for fringe benefit contributions for employees who perform classified work.

On August 8, 2018, the Court entered an approved Consent Decree in favor of the Trustees and against R & B in the amount of $75,886.49 (including $53,216.49 in contributions owed with penalties and interest, $15,225.00 in attorney's fees and $7,445.00 in audit fees) (ECF No. 33). On March 26, 2019, the Court granted the Trustees' motion for summary judgment against Defendants Roscoe and Amato with respect to Count II of the Complaint, finding that both are liable under ERISA for breach of fiduciary duty, but denied the Trustees' motion with respect to their claim for conversion in Count III (ECF No. 47).

On April 17, 2019, Plaintiff filed the pending motion for summary judgment against

Rogers (ECF No. 51).

Presently before the Court is the Trustees' motion for summary judgment against Defendant Rogers, which was filed on April 17, 2019 (ECF No. 51).[1] The Trustees contend that as Rogers is the sole shareholder and owner of R & B, he is an ERISA plan fiduciary who is personally liable for R & B's delinquent fringe benefits (Count II of the Complaint) and that he committed the tort of conversion (Count III). Rogers' response to the motion was due by May 13, 2019 (ECF No. 56), but no response was filed. On June 7, 2019, the case was reassigned to the undersigned and Rogers was given additional time until July 5, 2019 within which to respond (ECF No. 58). Despite having been given additional time within which to respond, Rogers – who is now proceeding *pro se* after his counsel was granted leave to withdraw – has failed to respond to or oppose the Trustees' motion.

Undisputed Facts

The Funds are ERISA multi-employer employee benefit plans consisting of a Defined Benefit Pension Plan, a Defined Contribution Pension Plan, a Welfare plan, a Supplemental Income Plan, and an Apprenticeship & Journeyman Education & Training Plan. The plans are financed through employer contributions made in accordance with applicable collective bargaining agreements. (Sansosti Aff. ¶ 2)[2]

R & B was engaged in the business of operating a construction company in Western Pennsylvania. (Sansosti Aff. ¶ 3.) R & B is a signatory to Pittsburgh Building Trades Agreement ("Collective Bargaining Agreement" or "CBA") with the Cement Masons' Union Local No 526

---

[1] Rogers filed a Suggestion of Bankruptcy on July 3, 2018 (ECF No. 28) and thus the automatic stay of the claims against him went into effect, 11 U.S.C. § 362. However, on January 15, 2019, the bankruptcy court dismissed his Chapter 11 Bankruptcy and thus the claims against him are no longer stayed.

[2] Pl.'s App. (ECF No. 54) Ex. 1.

of the Operative Plasters' and Cement Masons' International Association. (Sansosti Aff. ¶ 4.) Under the CBA, R & B was required to make payments into the Funds for R & B's employees who performed classified work. (Sansosti Aff. ¶ 5; CBA at 8, 10, 32, 34[3]; Roscoe Dep. 15:14-22.)

Rogers is the owner and sole shareholder of R & B. (Roscoe Dep. 13:7-14; Amato Dep. 18:13-17.)[4] Rogers was the individual who signed the CBA on behalf of R & B. (Roscoe Dep. 15:23-16:1.)

Rogers took an extended leave of absence from R & B, for a period of three to four years from 2014 to 2017 for health reasons. (Roscoe Dep. 19:18-20:16.) During this time period, however, Rogers still made decisions as to who would get paid and exercised control over the fringe benefits. Rogers determined when to submit fringe benefit contributions to the Funds. (Roscoe Dep. 16:13-24.)

The CBA provides for assessment of interest, late charges/liquidated damages, and attorney's fees and costs for each month that R & B failed to timely submit payment to the Funds. (CBA at 33.) R & B failed to make payment to the Funds for classified work performed by Defendant's employees during the work months of July 2015; September 2016; April, June, July, August, and September 2017; October, November, and December 2017. (Audit Report[5]; Sansosti Aff. ¶ 9.)

R & B's delinquent contributions, with penalties and interest total $53,216.49. (Audit Report at 3; Kramer Aff. ¶ 5[6]; Sansosti Aff. ¶ 9.) Additionally, an additional $15,225.00 in attorney's fees and costs and $7,445.00 in audit fees are owing. (ECF No. 33.) The sum total

---

[3] ECF No. 54 Ex. 2.
[4] ECF No. 54 Exs. 4, 5.
[5] ECF No. 54 Ex. 3.
[6] ECF No. 54 Ex. 6.

3

owed is $75,886.49. (*Id.*)

The Court entered a consent judgment against R & B on August 8, 2018 in the amount of $75,886.49.

Standard of Review

The Federal Rules of Civil Procedure provide that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The United States Court of Appeals for the Third Circuit has held that "where the movant bears the burden of proof at trial and the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented." *National State Bank v. Federal Reserve Bank*, 979 F.2d 1579, 1582 (3d Cir. 1992).

In following this directive, a court must take the facts in the light most favorable to the non-moving party, and must draw all reasonable inferences and resolve all doubts in that party's

4

favor. *Hugh v. Butler County Family YMCA,* 418 F.3d 265, 266 (3d Cir. 2005); *Doe v. County of Centre, Pa.,* 242 F.3d 437, 446 (3d Cir. 2001).

The Trustees argue that: 1) unpaid contributions were the assets of the Funds; 2) Rogers is liable as an ERISA fiduciary; and 3) his actions also represent conversion of Cement Masons' property.

<u>Count II: ERISA Fiduciary Liability</u>

ERISA provides that:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a).

The Court of Appeals for the Third Circuit has explained that:

> "ERISA ... defines 'fiduciary' not in terms of formal trusteeship, but in functional terms of control and authority over the plan." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993). Accordingly, "[f]iduciary duties under ERISA attach not just to particular persons, but to particular persons performing particular functions." *Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1158 (3d Cir. 1990). Accordingly, "a person is a fiduciary with respect to a plan only to the extent that he has any discretionary authority or discretionary responsibility in the administration of such plan." *Varity Corp. v. Howe*, 516 U.S. 489, 527, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) (internal quotation marks omitted).

*In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 579 F.3d 220, 228 (3d Cir. 2009). *See also* 29 U.S.C. § 1002(21)(A).

An individual maintains discretionary authority and control over management or disposition of due and owing fringe benefit contributions when he has authority to determine what bills to pay; oversees collection of accounts receivable; and has responsibility for

5

submitting remitting reports. *Laborers' Combined Funds of W. Pa. v. Jennings,* 323 F.R.D. 511, 518-19 (W.D. Pa. 2018). In *Jennings*, the court found requisite discretionary authority when the defendant was the sole principal of the company, had sole authority to determine what bills to pay, oversaw collection of accounts receivable, and was responsible for submitting remittance reports. *Id.*

The Trustees contend that Rogers retained discretionary control over R & B's fringe benefit contributions to the Funds based on the following:

- Rogers was the sole shareholder and owner of R & B. (Roscoe Dep. 13:7-14; Amato Dep. 18:13- 17.)

- Rogers signed the CBA on behalf of R & B. (Roscoe Dep. 15:23-16:1.)

- Rogers determined when to submit R & B fringe benefit contribution to the Funds. (Roscoe Dep. 16:13-24.)

• Rogers maintained authority to sign R & B checks. (Amato Dep. 25:1-:16.)

• Rogers made fringe benefit contributions payments using a check stamp. (Roscoe Dep. 17:20-18:3.)

As reflected in the case law cited by Trustees, these factors are sufficient to conclude that Rogers retained discretionary control over R & B's fringe benefit contributions to the Funds and thus, Rogers is liable as an ERISA fiduciary for R & B's failure to make fringe benefit contributions. Therefore, with respect to Count II, summary judgment will be granted in favor of the Trustees and against Rogers.

## Count III: Conversion

Under Pennsylvania law, conversion is "the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." *HRANEC Sheet Metal, Inc. v. Metalico Pittsburgh, Inc.*, 107 A.3d 114, 119 (Pa. Super. 2014) (quoting *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655,

6

659 n.3 (Pa. Super. 2000)).

It is undisputed that: the unpaid contributions were the Funds' plan assets based on the language in the CBA; that R & B did not make payment for fringe benefits for July 2015, September 2016, April, 2017 and June through December 2017; and that Rogers failed to turn over the fringe benefits to the Funds. As a matter of law, these undisputed facts confirm the conclusion that the Funds were deprived of these unpaid contributions without justification, and thus, were converted.

The Trustees contend that under Pennsylvania's "participation theory," "a corporate officer who takes part in the commission of a tort by the corporation is personally liable for that tort." *Laborers Combined Funds of W. Pa. v. Cioppa*, 346 F. Supp. 2d 765, 773 (W.D. Pa. 2004). *See also Laborers' Combined Funds of W. Pa. v. Molinaro Corp.*, 234 F. Supp. 3d 660, 668 (W.D. Pa. 2017); *Laborers' Combined Funds of W. Pa. v. Parkins*, 2002 WL 31435287, at *4 (W.D. Pa. June 5, 2002). As a corporate officer who took part in the conversion, as detailed herein, Rogers is personally liable for R & B's conversion of the plan assets. Therefore, with respect to Count III, summary judgment will be granted in favor of the Trustees and against Rogers.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BOARD OF TRUSTEES OF CEMENT MASONS' )
LOCAL 526 COMBINED FUNDS, INC. )
      Plaintiff, )
       )
vs )   Civil Action No. 17-1432
       )
R & B CONTRACTING & EXCAVATION, INC., )   Magistrate Judge Dodge
et al., )
      Defendants. )

## ORDER

AND NOW, this 22nd day of July, 2019, for the reasons explained in the opinion above, it is hereby ORDERED that the motion for summary judgment against Defendant William Rogers filed by Plaintiff Board of Trustees of Cement Masons' Local 526 Combined Funds, Inc. (ECF No. 51) is granted. Judgment is entered in favor of the Board of Trustees of Cement Masons' Local 526 Combined Funds, Inc. and against William Rogers with respect to Counts II and III of the Complaint.

BY THE COURT:

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge